PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DASHAUWN PARKER, | ) |
|         Petitioner, | ) CASE NO. 4:18CV1686 <br> ) |
| v. | ) JUDGE BENITA Y. PEARSON <br> ) |
| RICHARD BOWEN, Warden | ) |
|         Respondent. | ) **MEMORANDUM OF OPINION** <br> ) **AND ORDER** |

*Pro se* Petitioner Deshauwn Parker, a state prisoner incarcerated in the Ohio State Penitentiary, has filed this action seeking a Writ of Habeas Corpus. ECF No. 1. His Petition does not challenge the legality of the conviction or sentence on which he is incarcerated. Instead, it challenges the medical care Petitioner is receiving in prison. Specifically, Petitioner contends prison officials are violating his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment by refusing to provide him treatment he needs for gender identity disorder, including estrogen and hormone treatment therapy, implants, and surgical procedures to remove his unwanted penis. ECF No. 1 at PageID #: 1-2. The relief he seeks is that these treatments be provided to him in prison. ECF No. 1 at PageID #: 2.

Promptly after the filing of a petition for a writ of habeas corpus, a court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the

(4:18CV1686)

Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" a petition that lacks merit on its face).

The Petition (ECF No. 1) must be dismissed pursuant to Rule 4 because it raises claims that are not cognizable in a habeas corpus proceeding. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Habeas corpus relief, however, is not available to prisoners who are challenging the conditions of their confinement during legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Hodges v. Bell*, 170 Fed.Appx. 389, 393 (6th Cir. 2006).

Petitioner's allegations, unrelated to the legality of his conviction and sentence, constitute a challenge to the conditions of his confinement that "fall outside of the cognizable core of habeas corpus relief." *Hodges*, 170 Fed.Appx. at 393.

Accordingly, the Petition (ECF No. 1) is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. This dismissal is without prejudice to Petitioner asserting his potential constitutional claims regarding the conditions of his confinement in a civil rights action under 42 U.S.C. § 1983. *See Martin*, 391 F.3d at 714 (holding that a district court should dismiss an uncounseled habeas corpus petition improperly raising conditions of confinement claims

(4:18CV1686)

without prejudice).[1]  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

     IT IS SO ORDERED.

| | |
|---|---|
|  September 7, 2018  |  */s/ Benita Y. Pearson*  |
| Date | Benita Y. Pearson<br>United States District Judge |

---

[1]  The Court notes that Petitioner has also filed a civil rights action in this Court pertaining to conditions of his imprisonment.  *See Dashawn Parker v. Richard Bowen, No. 4:18 CV1744 (N.D. Ohio filed July 27, 2018)* (Pearson, J.).